Smith, J.
This comes before the court on the motion for summary judgment of defendant Beth Israel Hospital, Inc., pursuant to Mass.R.Civ.P. 56. In the underlying action, plaintiffs seek to hold defendant vicariously liable for the alleged tort of codefendant Sandhya Shah, M.D.
For the following reasons, defendant’s motion for summary judgment on the issue of vicarious liability is ALLOWED.
BACKGROUND
On October 7, 1991, plaintiff Ujwala Panse (“Mrs. Panse”) gave birth to a baby boy, Mihir C. Panse, at Beth Israel Hospital (“BIH”). Shortly after the birth, the baby was discovered to have Down’s Syndrome. All pre- and post-birth obstetrical care for the birth was provided by Sandhya Shah, M.D. (“Dr. Shah”).
At the time in question, Dr. Shah was a private physician who had admitting privileges at BIH, and who was on the staff of the Obstetrics/Gynecology Service at BIH. She was not an employee of BIH, and never received remuneration or compensation from BIH for the care and treatment of Mrs. Panse. Nor was Dr. Shah directed, controlled or supervised by any member of the BIH staff regarding the prenatal care and advice she provided to her patients. BIH did not control her work hours or dictate or direct her in the performance of prenatal care and advice to Mrs. Panse.
Mrs. Panse and her husband/coplaintiff, Chandrakant Panse, were of the opinion that Dr. Shah was “highly knowledgeable” and that BIH had a “sterling reputation.” Their decision to seek treatment from Dr. Shah was based largely upon the fact that she had admitting privileges at BIH. Mrs. Panse was not referred, or assigned to Dr. Shah by BIH or any of its employees. Mrs. Panse received all her prenatal care and advice at Dr. Shah’s private office. No BIH employees were present or were consulted regarding such care.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material facts and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The nonmoving party’s failure to prove an essential element of its case “renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991), citing Celotex v. Catrett, 477 U.S. 317, 322 (1986).
Plaintiffs maintain that defendant BIH should be vicariously liable for a tort allegedly committed by Dr. Shah during the course of her prenatal care of plaintiff Mrs. Panse. Plaintiffs allege that, prior to the birth of Mihir Panse, Dr. Shah was negligent in using amniocentesis, rather than serum protein analysis, to test for Down’s Syndrome. Without addressing the issue of the alleged malpractice of Dr. Shah, this court finds that defendant BIH cannot be vicariously liable for the allegedly tortious behavior of Dr. Shah.
To recover on a theory of vicarious liability, the plaintiffs must show that Dr. Shah was an agent of defendant BIH, and that BIH had “the right to control [the] agent’s activities.” Kelley v. Rossi, 395 Mass. 659, 661 (1985). In cases involving the actions of a physician, this standard is difficult to prove, for “the very nature of a physician’s function tends to suggest that in most instances he will act as an independent contractor.” Id. at 662.
No factual basis is asserted by the plaintiffs to support a finding that Dr. Shah was an employee of BIH. Unlike in Kelley, where an employment relationship was found to exist, the physician in the present case was not in a residency program and was not subject to supervision by the hospital. To the contrary, the evidence shows that Dr. Shah was in private practice, that she conducted her practice in a private office separate from the hospital, that she received no compensation or remuneration from defendant BIH, and that defendant BIH exercised no control or supervision over her practice. Even assuming staff affiliation, the lack of any evidence that defendant BIH had any “power of control over [Dr. Shah’s] professional conduct,” Harnish v. Children’s Hospital Medical Center, 387 Mass. 152, 159 (1982) (citations omitted), *374 leads to the conclusion that there was no employment relation between defendant BIH and Dr. Shah.
It is important to note that, even if there were an agency relationship between Dr. Shah and defendant BIH (which there was not), the alleged negligence would have occurred outside of the scope of the relationship. The malpractice is alleged to have occurred prior to the birth of Mihir. There are no facts to indicate that BIH was involved in any way other than as the admitting hospital at the time of birth. In no way was BIH involved in the prenatal care or advice provided to plaintiff Mrs. Panse. Thus, Dr. Shah’s actions were independent of any affiliation with BIH.
Furthermore, plaintiffs offer no proof that defendant BIH should be liable under a theory of agency by estop-pel, or apparent authority. A defendant may be liable in tort if the acts of the defendant led the plaintiff to reasonably believe that the tortfeasor was an employee of the defendant. See Barron v. McLellan Stores Co., 310 Mass. 779, 782-83 (1942). In the case before the court, there is no evidence that defendant BIH acted in any manner which would make it reasonable to believe that Dr. Shah was an employee of the hospital. The only action of defendant BIH was to allow Dr. Shah to admit patients. BIHwasnotinvolvedinanywaywithDr. Shah’s practice of medicine. Plaintiffs contend that they believed that BIH had a “sterling reputation,” and that the fact that Dr. Shah had admitting privileges at the hospital led them to believe that she was “highly knowledgeable” and qualified. Assuming that this is true, it nonetheless does not provide a sufficient basis for a reasonable belief that Dr. Shah was an employee of defendant BIH. There is no allegation that defendant BIH held out Dr. Shah as an employee, or acted in any way to imply that the hospital or any of its employees supervised Dr. Shah, or exercised any other power of control over her actions.
ORDER
For the foregoing reasons, it is hereby ORDERED that summary judgment enter for defendant Beth Israel Hospital, Inc.